**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| CINDI F., | Case No. 2:22-cv-1892 |
|     Plaintiff, | Graham, J. |
| | Bowman, M.J. |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
|     Defendant. | |

**REPORT AND RECOMMENDATION**

Plaintiff Cindi F. filed this Social Security appeal in order to challenge the Defendant's finding that she is not disabled.  *See* 42 U.S.C. § 405(g).  Proceeding through counsel, Plaintiff presents three claims of error for this Court's review. As explained below, I conclude that the Commissioner's finding of non-disability should be affirmed because it is supported by substantial evidence in the record as a whole.

**I.  Summary of Administrative Record**

Plaintiff's current judicial appeal requires the Court to briefly review a prior decision by the Commissioner that Plaintiff did not appeal.

Plaintiff previously filed an application for Disability Insurance Benefits ("DIB") in July 2013 that alleged disability beginning on July 3, 2013.  After that application was denied initially and upon reconsideration, Plaintiff sought an evidentiary hearing before an Administrative Law Judge ("ALJ"). Following that hearing, ALJ Edmund Giorgione issued an adverse written decision that concluded that Plaintiff retained the residual functional capacity ("RFC") to perform her past relevant work as a chef. (Tr. 58-68).

1

Because Plaintiff did not further appeal, ALJ Giorgione's October 13, 2015 decision became the final decision of the Commissioner.

Fast forward several years to June 7, 2019, when Plaintiff filed a new application for DIB, alleging the onset of disability on October 14, 2015, corresponding with the date of the prior adverse determination. After her claim was again denied initially and on reconsideration, she requested a new evidentiary hearing. On November 9, 2020, Plaintiff and her attorney appeared telephonically before ALJ Deborah Sanders. (Tr. 27-57). At the hearing, the ALJ determined that Plaintiff was insured only through December 31, 2018, meaning that she was required to prove disability prior to that date to obtain benefits. (Tr. 17).

On December 2, 2020, ALJ Sanders issued an adverse decision that again concluded that Plaintiff was not disabled within the alleged disability period because she could perform her past relevant work as a chef. (Tr. 11-22). ALJ Sanders first determined that she was not bound by the prior determination concerning Plaintiff's residual functional capacity ("RFC"). (*See* Tr. 17, "[T]he evidence confirms the presence of additional limitations due to the claimant's worsening shoulder impairment, which reasonably warrant different residual functional capacity limitations."). Important to the resolution of the present appeal, however, the ALJ determined that she was bound by the 2015 decision to the extent that it identified and defined Plaintiff's prior relevant work.

> [T[here is no new and material evidence with respect to the identification of the claimant's past relevant work from the prior decision. Accordingly, under the guidance of Social Security Acquiescence Rulings 98-3(6) and 98-4(6); *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997) and *Dennard v. Secretary of Health and Human Services*, 907 F.2d 598 (6th Cir. 1990)), the undersigned is bound by the findings of the prior decision pertaining to the claimant's past relevant work.

(Tr. 17).

2

The ALJ next determined that Plaintiff suffers from the following severe impairments: "severe left glenohumeral arthropathy and osteopenia; moderate sleep apnea; degenerative disc disease status post lumbar fusion with residuals; scoliosis of the lumbar spine; psoriatic arthritis and fibromyalgia." (*Id.*) The ALJ also found "nonsevere impairments" of "hypertension; gastroesophageal reflux disease and Barret's esophagus; hiatal hernia; shingles and acute right wrist fracture." (*Id.*) None of Plaintiff impairments, alone or in combination, met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 18). Considering all impairments, the ALJ found that Plaintiff retains the RFC to perform a restricted range of light work, subject to the following limitations:

> except the claimant could never climb ladders, ropes, or scaffolds; occasionally climb ramps or stairs; occasionally stoop, crouch and crawl; frequently kneel; frequently reach overhead with the dominant left upper extremity; frequently reach in all directions with the left upper extremity; and must avoid all exposure to hazards including unprotected heights, and hazardous unprotected machinery.

(Tr. 18). Based upon this RFC and testimony by the VE, the ALJ concluded that Plaintiff still could perform her past relevant work as a chef "as actually and generally performed." (Tr. 22). Therefore, the ALJ determined that Plaintiff was not under a disability. (*Id.*)

In this appeal, Plaintiff asserts that ALJ Sanders erred: (1) in classifying her past relevant work as a chef instead of as a composite job; (2) in concluding that Plaintiff actually could perform the necessary duties of a chef; and (3) in failing to find Plaintiff to be presumptively disabled under Grid Rule 201.04. The undersigned finds no error.

**II. Analysis**

**A. Judicial Standard of Review**

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or

3

mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted). *See also Biestek v. Berryhill*, 139 S. Ct.1148, 1154 (2019) (holding that substantial evidence is evidence a reasonable mind might accept as adequate to support a conclusion and that the threshold "is not high").

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's

4

impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Com'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job. 42 U.S.C. § 423(d)(1)(A).

**B. Plaintiff's Claims[1]**

**1. Classification of Plaintiff's Prior Relevant Work**

As stated, the ALJ determined that Plaintiff was not disabled based upon the testimony of a VE that she could continue to "perform her past work as a chef as actually and generally performed" at Step 4 of the sequential analysis. In her first claim of error, Plaintiff argues that ALJ Sanders erred by classifying her prior relevant work as a "chef" instead of as a combination of the job of chef and some other job, meaning a "composite

---

[1]Despite this Court having directed Plaintiff's counsel to comply with Local Rule 8.1(d) in prior cases, Mr. Farrell continues to provide this Court only with "PageID" citations (which cannot be easily searched in Social Security cases) rather than citing to the Administrative Transcript ("Tr."). Local Rule 8.1(d) requires parties in Social Security cases to "provide pinpoint citations to the administrative record, regardless of whether a party also chooses to provide PageID citations."

job." She argues that based upon Plaintiff's description of her duties, the position "may have been" and/or "was likely a composite job." (Doc. 7 at 8-9, PageID 913-914). Plaintiff points to a work history report in which she identified her past work as "Chef" at the Kenyan Inn, but reported duties that included cleaning the kitchen, doing food orders, and putting food away. (Tr. 227). She now argues that because the DOT description for "Chef" does not specifically list the additional duties of cleaning, putting food away, or putting away stock from deliveries, the ALJ should have found her job to be a "composite job." In her reply memorandum, Plaintiff argues that the ALJ's failure to classify her prior work as a "composite job" constitutes reversible error "because a composite job cannot be considered past relevant work." (Doc. 10 at 2, PageID 930).

Plaintiff is wrong for two reasons. First, as the ALJ explained, the classification of Plaintiff's prior relevant work in the Commissioner's 2015 decision is administratively res judicata and was binding on the ALJ based on Plaintiff's failure to appeal the 2015 decision, and additional failure to present "new and material evidence with respect to the identification of the claimant's past relevant work." (Tr. 17, citing Acquiescence Rulings 98-3(6) and 98-4(6); *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997) and *Dennard v. Secretary of Health and Human Services*, 907 F.2d 598 (6th Cir. 1990)). Plaintiff's Statement of Errors does not present *any* argument that would call into question the res judicata effect of the prior decision.  As the court in *Marrero v. Comm'r of Soc. Sec.*, 2020 WL 9174847 (N.D. Ohio, 2020) explained in a similar case, that failure alone precludes judicial review:

> Marrero has not raised *any challenge* to the ALJ's statement that "she did apply the doctrine [of *res judicata*] and adopt[ed] the prior ALJ's finding of the claimant's past relevant work." (Tr. 17); *see generally* ECF Doc. 12; ECF Doc. 15. This alone would make any error alleged in Marrero's briefing harmless. In *Dennard v. Sec'y of Health and Hum. Servs.*, the Sixth Circuit indicated that prior adjudications concerning the classification of a

6

> claimant's prior work have *res judicata* effect. 907 F.2d at 599-600 (citing 42 U.S.C. § 405(h) ("[T]he findings and decision of the secretary after a hearing shall be binding upon all individuals who were parties to such a hearing.")); *see also* AR 98-3, 1998 SSR LEXIS 4 (June 1, 1998) (acquiescing to *Dennard*). In the prior adjudication, ALJ Westley found – based on a VE's hearing testimony – that Marrero's prior work was as a "Cleaner/Housekeeper." (Tr. 108, 125-26). Although the ALJ also took new VE testimony regarding the classification of Marrero's prior work and made independent findings regarding that classification, *see* (Tr. 40-41), the ALJ's concurrent statement that *res judicata* applied and required her to adopt the prior decision remains intact because Marrero waived any challenge to that assessment by failing to raise such a challenge in his briefing.

*Id*., Case No. 1:20-cv-212. 2020 WL 9174847, at *8 (N.D. Ohio, Dec. 29, 2020) (emphasis original), adopted at 2021 WL 1378896 (April 12, 2021). Additionally, Plaintiff's failure to raise the job classification issue at the 2020 hearing by questioning of the VE constitutes an independent waiver of the claim. *Id*.; *see also Hudson v. Comm'r of Soc. Sec*., Case No. 1:20-cv-212, 2021 WL 2102027, at *5 (S.D. Ohio, May 25, 2021), adopted at 2022 WL 2817860 (July 19, 2021) (collecting cases and holding that counsel's failure to object to the classification of the prior relevant work by the VE at the hearing precludes the ability to argue that the job was a "composite" job during a judicial appeal); *Wolski v. Saul*, Case No. 7:20-cv-108, 2021 WL 5066104, at *6 (E.D. Ky., Nov. 1, 2021) (same); *Dempsey v. Saul*, Case No. 1:18-cv-2806, 2020 WL 1852631, at *5 (N.D. Ohio, April 13, 2020) (same).

Second, even if the ALJ had not been bound by the prior classification of Plaintiff's prior relevant work, and even (hypothetically) if Plaintiff's past relevant work could be described as a composite job, this Court still would affirm based upon the ALJ's determination that she could perform such work <u>as actually performed</u>. In the single unpublished case cited by Plaintiff, *Burgess v. Comm'r of Soc. Sec*., Case No. 3:15-cv-701 (M.D. Tenn. Sept. 30, 2016), the court confirmed that an ALJ "can deny a claim at step 4 where the claimant remains capable of performing a composite job 'as actually performed,'" and commits error only when making an adverse step 4 finding "that the

7

claimant remains capable of performing a composite job 'as generally performed.'" (*Id.*, citing POMS DI 25005.020(B), 2011 WL 4753471). Because the ALJ found that Plaintiff could perform her past work as she actually performed it at the Kenyon Inn, any error in finding that she also could perform the job as generally performed was harmless.

### B. Substantial Evidence Supports the ALJ's Step 4 Determination

In her second claim of error, Plaintiff argues that the "record does not support the ability to perform the necessary duties required of a chef" as that position is described in the DOT as well as by the VE. (Doc. 7 at 10, PageID 915). Plaintiff largely points to her own subjective testimony concerning the degree of her pain and mobility issues. Notably, however, the ALJ made an adverse credibility/consistency finding that Plaintiff does not challenge herein. "As for the claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent with the claimant's treatment records, and objective medical findings therein." (Tr. 19).

Plaintiff points briefly to the October and November 2019 examination reports of Drs. Donald Rohl, and Paul Echenseer, in which those physicians assessed Plaintiff with a variety of musculoskeletal symptoms and included an "Oswestry score." (See, e.g., Tr. 390, 394, 396). With no citation to authority, Plaintiff suggests that the physicians' inclusion of her Oswestry scores on various dates of examination somehow reflects the degree of disability under the Social Security Act. It does not.[2] She generally argues that issues with mobility and generalized pain would have prevented her from performing the

---

[2] "The Oswestry Disability Index (ODI) is the most commonly used outcome measure for low back pain." *See* https://pubmed.ncbi.nlm.nih.gov/18598595/ (accessed on May 12, 2023). It is based on a self-administered questionnaire completed by the patient. In addition to the lack of any authority that suggests that a self-reported pain/disability scale has any bearing on the Social Security Act's definition of disability, the dates of the referenced clinical examinations undercut their relevancy. The exams occurred in October and November 2019; Plaintiff was required to prove disability prior to December 31, 2018

standing and mobility requirements of the chef's position. Plaintiff admits that no physician offered any opinions that support "precise exertional limitations" in her favor but urges this Court to reverse based upon evidence in the record that supports her claim that she "cannot stand or walk for extended periods of time without pain," and would be "unlikely… to be able to perform her past relevant work." (Doc. 7 at 12, PageID 917).

This Court cannot disturb the Commissioner's determination where there is substantial evidence to support it, even if substantial evidence could be found to support a different determination. Here, the ALJ thoroughly reviewed both objective and clinical evidence that she found to be inconsistent with Plaintiff's subjective complaints, along with other relevant criteria such as the frequency and extent of treatment that supported the RFC as determined. (Tr. 19-21). Plaintiff does not point to any error in the ALJ's analysis of that substantial body of evidence. With respect to the opinion evidence, the Court also finds no error. As Plaintiff admits, neither Dr. Rohl nor Dr. Echenseer rendered RFC opinions. And Plaintiff points to no error in the medical opinions that the ALJ considered and discussed. (Tr. 21).

### C. Grid Rule 201.04 Does Not Apply

In her final claim, Plaintiff argues that the ALJ erred by failing to find her presumptively disabled under Grid Rule 201.04 based upon her "advanced age" and limitation to light work. In light of the conclusion that Plaintiff can perform her past relevant skilled work as a chef, the Court need not reach Plaintiff's third claim. However, to the extent that a reviewing court might disagree, the Court agrees with the Commissioner that Rule 201.04 does not apply, because it is limited to those individuals who have no prior relevant skilled work with transferrable skills. Here, the VE clearly testified that Plaintiff does have transferrable skills, including "information gathering, recordkeeping,

and data collection information gathering that are directly transferable to language and terminology also." (Tr. 53-43).

### III.  Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT** the decision of the Commissioner to deny Plaintiff DIB benefits be **AFFIRMED** because it is supported by substantial evidence in the record as a whole.

                                                        /s Stephanie K. Bowman
                                                       Stephanie K. Bowman
                                                       United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| CINDI F., | Case No. 2:22-cv-1892 |
| Plaintiff, | Graham, J.<br>Bowman, M.J. |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).