## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**Cindi F.,**

        **Plaintiff,**

  v.

**Commissioner of Social Security,**

        **Defendant.**

Case No. 2:22-cv-1892

### Opinion and Order

Plaintiff Cindi F. brings this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner of Social Security denying her application for supplemental social security income. This matter is before the Court for consideration of the Plaintiff's objection (ECF No. 12) to the Magistrate Judge's Report and Recommendation (ECF No. 11) in which the Magistrate Judge recommended that the Court affirm the Commissioner's decision.

For the reasons stated below, the Court overrules Plaintiff's objection and adopts the Magistrate Judge's Report and Recommendation.

**I.    Background**

Plaintiff filed her current application for Disability Insurance Benefits on June 7, 2019, alleging an onset date of October 14, 2015. She had previously filed an application for benefits on July 3, 2013 which was denied by the Administrative Law Judge ("ALJ") on October 13, 2015 and was not appealed. Her current claim was initially denied and Plaintiff requested an administrative hearing. Plaintiff's hearing occurred on November 9, 2020, and on December 2, 2020, the ALJ issued an adverse decision concluding that Plaintiff was not disabled because she could perform her past relevant work as a chef. While the ALJ was bound by the determination in the previous application for benefits identifying and defining Plaintiff's past relevant work, the ALJ was not bound by the determination regarding Plaintiff's residual functional capacity. The ALJ determined that the Plaintiff suffers from several severe impairments, and that the impairments met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. The ALJ found that Plaintiff could perform light work with restrictions, including her past relevant work as actually and generally performed.

## II.   Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); 42 U.S.C. § 405(g).  "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted).  A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion.  *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013).  However, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## III.  Plaintiff's Objection

Plaintiff objects to the Magistrate Judge's finding that the ALJ's Step 4 Determination was based on substantial evidence. Step 4 is where the Commissioner determines whether the claimant can perform her past relevant work. The ALJ classified Plaintiff's past work as that of a chef.

Plaintiff specifically objects to two aspects of the Magistrate Judge's analysis of Step 4. The first is the Magistrate Judge's finding that the ALJ was bound by the Commissioner's 2015 decision regarding Plaintiff's prior relevant work because the Plaintiff did not appeal the 2015 decision, nor did she present new and material evidence to identify Plaintiff's past relevant work. The Magistrate Judge also found that the Plaintiff failed to raise the job classification issue at the

2020 hearing by questioning of the Vocational Expert, and therefore waived the claim that Plaintiff's job was a composite job.

Plaintiff's second objection concerns the Magistrate Judge's finding that any error in not classifying Plaintiff's prior relevant work as a composite job would be harmless because Plaintiff could complete the work as actually performed. The Magistrate Judge found that the ALJ relied on substantial evidence in making that determination.

The Plaintiff objects to the Report and Recommendation, alleging that she provided new and material evidence regarding her past work as a chef. She argues that the new and material evidence shows that she performed duties beyond those required of a chef. Next, she argues that the finding that she could still perform past relevant work as actually performed is not supported by substantial evidence because she submitted evidence that she had far greater mobility restrictions than what the ALJ determined.

Upon *de novo* review, the Court concurs with the Magistrate Judge. First, the Court agrees with the determination of the ALJ and the Magistrate Judge that the Plaintiff did not present any new or material evidence in support of her past relevant work. Plaintiff points to evidence that she had to carry and put away food in the kitchen. (Tr. 35-36, 227.) However, she has not shown that this is "new" evidence, nor has she made any attempt to show that this task is outside of the duties of a chef. As such, the determination of the previous ALJ regarding past relevant work has res judicata effect. *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997); *Dennard v. Secretary of Health and Human Services*, 907 F.2d 598 (6th Cir. 1990)). Even if res judicata did not apply, Plaintiff waived her right to challenge her job classification because she did not raise it at the hearing. *Hudson v. Comm'r of Soc. Sec.*, Case No. 1:20-cv-212, 2021 WL 2102027, at *5 (S.D. Ohio, May 25, 2021), adopted at 2022 WL 2817860 (July 19, 2021). This finding of waiver was not disputed by Plaintiff in her objection.

The Court additionally agrees with the Magistrate Judge regarding harmless error. A hypothetical classification of Plaintiff's past relevant work as a composite job does not lead to a different outcome because she could perform the work in her job as actually performed. *Burgess v. Comm'r of Soc. Sec.*, Case No. 3:15-cv-701 (M.D. Tenn. Sept. 30, 2016). The ALJ's determination that Plaintiff could return to her past relevant work as a chef was supported by substantial evidence. The ALJ's determination of Plaintiff's mobility restrictions were based on objective, clinical evidence. Plaintiff's evidence regarding greater restriction was based on her

3

own subjective testimony, which was inconsistent with the objective evidence. As the Magistrate Judge discussed, Plaintiff does not properly challenge the ALJ's adverse credibility/consistency finding. (ECF No. 11 at PAGEID 940.)

### IV. Conclusion

For the reasons stated above, the Court overrules Plaintiff's objections (ECF No. 12) and adopts and affirms the Magistrate Judge's Report and Recommendation. (ECF No. 11.) The decision of the Commissioner is affirmed, and the Clerk of Court is directed to enter final judgment in this matter.

**IT IS SO ORDERED**.

Date: December 27, 2023            *s/ James L. Graham*
                                   James L. Graham
                                   United States District Judge